UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Whittney Nicholson,<br>Plaintiff,<br>    v.<br><br>American Landmark Management, LLC,<br>Defendant. | CASE NO.: _____<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 and the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of pregnancy and sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from the EEOC on or about September 9, 2021.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

5. The Plaintiff, Whittney Nicholson, is a citizen and resident of Dorchester County, South Carolina.

6. The Defendant, American Landmark Management, LLC, upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina located in this judicial district.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The Defendant is a "person" within the meaning of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

10. Defendant employs fifteen (15) or more employees and are an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

11. Defendant employs fifteen (15) or more employees and are an "employer" within the meaning of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

12. The Defendant is an industry that affects commerce within the meaning of the Title VII and the Pregnancy Discrimination Act.

13. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## **STATEMENT OF FACTS**

14. On or about May 21, 2018, Plaintiff began working for the Defendant as a Property Manager for the Defendant's property, Arbor Village Apartments in Summerville, South Carolina. At all times, the Plaintiff was efficient and effective in her work, receiving positive employee evaluations.

15. Plaintiff informed Defendant that she was pregnant. In or about December 2018, Plaintiff was invited to attend the Annual Manager's Conference. While Plaintiff was attending the Defendant's Conference, she was sexually harassed by JR Agostini, Vice President of Construction, and Jose Llanos, Regional Maintenance Supervisor.

16. Mr. Agostini attempted to corner the Plaintiff and kiss her against her will, as well as urinate in front of her. Mr. Llanos in a separate incident, lifted Plaintiff's shirt and bra and proceeded to pinch her nipple against her will. Plaintiff immediately reported the incidents to Human Resources, who opened an investigation, and ultimately told Plaintiff that both Mr. Agostini and Mr. Llanos violated the company's sexual harassment policies and were being "terminated effective immediately."

17. In or about early 2019, Plaintiff attempted to obtain a Property Manager position at one of Defendant's other properties in North Carolina that was struggling with staffing and had an open position for a Property Manager. Although Plaintiff offered her time and resources for the position, she was not considered for the position.

18. In or about mid-2019, Plaintiff overheard discussions that both Mr. Agostini and Mr. Llanos were never actually terminated by Defendant.  Since the Plaintiff did not hear specific details at the time, and was not sure if the information was true, she dismissed the discussions.

19. In or about July 2019, Plaintiff again overheard an Executive Team Member, Tamara Hayes, speaking with another manager on the phone and heard Mr. Agostini's name mentioned again.  The next morning, Plaintiff inquired with Ms. Hayes whether Mr. Agostini and Mr. Llanos were still working with the company.  Ms. Hayes informed Plaintiff that they both were still with the company and working in "contractor" roles.  Plaintiff became upset, as she felt the company had lied to her to silence her after her reports of sexual harassment.

20. On or about July 19, 2019, Plaintiff contacted Lucinda Figueroa, Human Resources, to set up a time to discuss this matter.  Several days later, Ms. Figueroa scheduled a telephone call to discuss the situation with Plaintiff further.  Plaintiff was informed by Ms. Figueroa and Stacey Bondar, Chief Operating Officer, that Mr. Agostini and Mr. Llanos were rehired as "contractors" for the company.

21. On or about July 22, 2019, Plaintiff emailed Ms. Figueroa to let her know Plaintiff's disappointment that the company had falsely informed her that her harassers had been terminated when they were simply restructured into contractor roles.  Plaintiff also expressed her disappointment that she did not receive the position in North Carolina that she had applied for, and that Plaintiff felt it was due to her reports of sexual harassment.

22. Plaintiff also informed Ms. Figueroa about the importance of Plaintiff's job to her, in light of her family situation, and the fact that she was expecting a baby.  Plaintiff expressed her concerns that the situation had caused Plaintiff great anxiety and sought Ms. Figueroa's assistance working through the issues.

23. On or about September 23, 2019, instead of assistance, Defendant terminated Plaintiff's employment.  Defendant's stated the reason for Plaintiff's termination was pretextual.  Ms. Figueroa informed Plaintiff that Defendant was obtaining another property in South Carolina and both Mr. Agostini and Mr. Llanos would be needed to assist in the process of the remodel of the property.  Mr. Figueroa also stated to Plaintiff, "the company could not risk bringing Mr. Agostini and Mr. Llanos to the new South Carolina property while Plaintiff was still employed by the company."

24. At all times relevant to this Complaint, Plaintiff acted in a prudent and reasonable manner and in no way contributed to her termination.

## FOR A FIRST CAUSE OF ACTION
### (Violation of the Pregnancy Discrimination Act – Discrimination)

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. The Plaintiff is a member of a protected group on the basis of her pregnancy.  The Plaintiff was an employee in a position for which she was qualified, became pregnant and was

3

discriminated against due to her pregnancy in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

27. The Defendant was wanton and intentional in the discrimination against the Plaintiff in the following particulars, to wit:

    a. In discriminating against the Plaintiff due to her pregnancy;

    b. In treating the Plaintiff less favorably with respect to her compensation, terms, conditions, or privileges of employment due to her pregnancy; and

    c. In other particulars which discovery may show.

28. By reason of the aforesaid recklessness, willfulness and wantonness of the Defendant, the Plaintiff has suffered severe emotional distress.

29. The Defendant violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), by allowing the discrimination to exist in the workplace.

30. The Plaintiff's pregnancy was the determining factor in the discrimination against her.

31. As a direct and proximate result of the acts and practices of the Defendant in the discrimination of the Plaintiff, she has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses, to include back pay, front pay, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### (Violation of the Pregnancy Discrimination Act – Retaliation)

32. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

33. The Plaintiff is a member of a protected group on the basis of her pregnancy. The Plaintiff was an employee in a position for which she was qualified, became pregnant and was discriminated against and terminated due to her pregnancy in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

34. The Plaintiff's pregnancy was a determining factor in the retaliation of the Plaintiff. But for the Plaintiff's pregnancy, she would not have been terminated.

35. The Defendant was wanton and intentional in the retaliation against the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ the Plaintiff;

    b. In terminating the Plaintiff's employment for actions that other, non-pregnant employees also committed without termination, this depriving Plaintiff of her employment opportunity and adversely affecting her status as an employee; and

c. In other particulars which discovery may show.

36. The aforesaid conduct of the Defendant, its agents and servants, violated United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

37. By reason of the aforesaid recklessness, willfulness and wantonness of the Defendant, the Plaintiff has suffered severe emotional distress.

38. As a direct and proximate result of the acts and practices of the Defendant in the termination of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses, to include back pay, front pay, attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
### (Sexual Harassment - Title VII of Civil Rights Act of 1964)

39. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

40. The Plaintiff is a member of a protected class due to her gender.

41. Defendant, as Plaintiff, Mr. Agostini, and Mr. Llanos' employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

b. In continually allowing Mr. Agostini and Mr. Llanos to maintain their presence near the Plaintiff.

42. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered injuries, both physically and mentally.

43. That in failing to protect the Plaintiff from sexual harassment and preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the Equal Employment Opportunity Act.

44. The Plaintiff's complaints of sexual harassment were a determining factor in the wrongful discharge of the Plaintiff. But for the Plaintiff's complaints of sexual harassment, she would not have been terminated.

5

45. As a direct and proximate result of the Defendant's termination on the basis of complaints of sexual harassment in the workplace, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

46. The Defendant's employment discrimination of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

47. As a direct and proximate result of the acts and practices of Defendant in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

48. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits lost wages, loss of front pay, back pay and other work benefits, attorney's fees and costs.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had she been kept in her proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

*(Signature on following page)*

                    **WIGGER LAW FIRM, INC.**

                    s/*Jarrel L. Wigger*
                    Jarrel L. Wigger (Fed. I.D. #6345)
                    Attorney for Plaintiff
                    8086 Rivers Avenue, Suite A
                    N. Charleston, SC 29406
                    843-553-9800

North Charleston, South Carolina
December 6, 2021